# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-40401
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GILBERTO BORY

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CR-20-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gilberto Bory appeals his jury trial convictions for conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana and possession with intent to distribute more than 100 kilograms of marijuana. Bory argues that the district court abused its discretion by allowing testimony regarding a small quantity of cocaine and various other items consistent with cocaine distribution that were found on his person or in his residence at the time of his arrest, which occurred more than a year after the conspiracy allegedly ended.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's admission of FED. R. EVID. 404(b) evidence is reviewed under a heightened abuse-of-discretion standard. United States v. Jackson, 339 F.3d 349, 357 (5th Cir. 2003). Extrinsic evidence admitted under Rule 404(b) must be "relevant to an issue other than the defendant's character" and must have probative value that is not substantially outweighed by undue prejudice and must otherwise be admissible under FED. R. EVID. 403. United States v. Peterson, 244 F.3d 385, 392 (5th Cir. 2001).

Because Bory pleaded not guilty to a conspiracy charge, this evidence is relevant to the issue of his intent. See United States v. Pompa, 434 F.3d 800, 805 (5th Cir. 2005); United States v. Broussard, 80 F.3d 1025, 1040 (5th Cir. 1996). In addition, any unfair prejudice does not substantially outweigh the probative value of this evidence. We have held that "Rule 404(b) evidence is particularly probative where the government has charged conspiracy." United States v. Gordon, 780 F.2d 1165, 1174 (5th Cir. 1986). In addition, the evidence admitted was not highly prejudicial in the context of the trial. See United States v. Fortenberry, 860 F.2d 628, 632 (5th Cir. 1988). Finally, any prejudice resulting from the admission of this evidence was mitigated by the district court's limiting instructions. See United States v. Brugman, 364 F.3d 613, 621, n.3 (5th Cir. 2004).

Accordingly, the district court did not abuse its discretion by admitting testimony regarding the evidence seized at the time of Bory's arrest.

AFFIRMED.